In re Denise J. LeCLAIR,
Chapter 7 Debtor.

No. 98–35239–T.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Aug. 2, 2002.

Denise J. LeClair, Midlothian, VA, pro se.

## MEMORANDUM OPINION

DOUGLAS O. TICE, JR., Chief Judge.

Hearing on the application of Lake & Lake, P.C., for compensation as counsel to Sherman B. Lubman, trustee, was held July 17, 2002. At hearing, debtor Denise J. LeClair appeared and filed a written objection to the application. Following hearing, Lake & Lake filed a response to the debtor's objection. The U.S. Trustee has approved the application by endorsing Lake & Lake's sketch order.

For the reasons stated below, the court will allow Lake & Lake compensation in the amount requested, $21,826.70, plus reimbursement of expenses of $636.48.

### Facts.

This opinion incorporates the following opinions and rulings issued by the court during the administration of this case: 1)January 14, 2000 (in AP 99–3083 denying debtor's request for damages based upon an alleged willful violation of the automatic stay); 2)March 17, 2000 (in AP 99–3175 denying debtor's discharge in bankruptcy; debtor's appeals were dismissed in both the U.S. District Court and in the 4th Circuit Court of Appeals); 3)December 20, 2000 (authorizing trustee to execute deed and sell bankruptcy estate's interest in real property; debtor appealed, and court's order was affirmed by the district court and the court of appeals); 4)January 4, 2001 (disallowing debtor's claimed homestead exemption); 5)October 10, 2001 (approving trustee's motion to compromise bankruptcy estate's claim against LeClair family trust by which trustee was able to sell the trust interest); 6)February 19, 2002 (sustaining the trustee's objection to debtor's claimed exemption).

This case was filed as a chapter 13 on July 15, 1998, at which time debtor was represented by attorney Brett Alexander Zwerdling. After debtor failed to achieve confirmation of a plan, she voluntarily converted the case to a chapter 7 on March 29, 1999. Sherman B. Lubman was appointed and continues to serve as chapter 7 trustee.

The trustee administered this case as a chapter 7 asset case. The principal asset was debtor's interest in the LeClair family trust located in Massachusetts. On July 6, 1999, the court entered an order approving the appointment of Lake & Lake, P.C., as counsel to the trustee.

On July 21, 1999, the court granted the motion of debtor's counsel to withdraw from the case, and since that time debtor has acted *pro se*. Also on July 21, 1999, the court denied debtor's motion to convert the case back to a chapter 13.

Lake & Lake has served as counsel to the trustee since its appointment on July 6, 1999. On July 1, 2002, Lake & Lake filed an application for compensation and reimbursement of expenses incurred during its representation of trustee in this case. The application reflects total charges in the amount of $23,826.70 and out-of-pocket expenses of $861.48. However, the firm has reduced the charges to $21,826.70 in its compensation request.

Lake & Lake performed the services and incurred expenses as reflected on the schedules attached to its application, and the compensation requested is reasonable under applicable statute and case law guidelines.

### Conclusions of Law.

Trustee's counsel Lake & Lake filed an application for compensation in the amount

of $21,826.70 (which amount represents a reduction of $2,000.00 from its actual charges) plus reimbursement of expenses of $861.48. Debtor filed a written objection to the application. At hearing debtor told the court that she objects to counsel's receiving any compensation because the services rendered should have been performed by the trustee without additional charge (other than the trustee's statutory compensation).

■ Notwithstanding Lake & Lake's assertion in its response that debtor lacks standing to object to the fee request, the court has an independent duty to review compensation applications of professionals that are to be paid out of a bankruptcy estate.

Debtor's objection, which is to the effect that legal services necessary to a trustee's administration of a chapter 7 estate cannot be allowed, is without merit, even frivolous. It is beyond question that a trustee may employ an attorney to perform necessary legal services and that the attorney is

entitled to reasonable compensation for those services. 11 U.S.C. §§ 327, 328, 330.

[2] The court must consider whether Lake & Lake's compensation request is reasonable. In the Fourth Circuit, attorney's fees are to be evaluated by the lodestar method, under which various factors are applied to determine the attorney's reasonable rate and the reasonable number of hours. *See Equal Employment Opportunity Comm'n v. Service News Co.,* 898 F.2d 958, 965 (4th Cir.1990). After application of these factors, the product of reasonable hours and a reasonable rate constitutes the lodestar figure. *See In re Great Sweats, Inc.,* 113 B.R. 240, 241–242 n. 1 (Bankr.E.D.Va.1990).[1]

[3] An important side issue related to reasonableness of compensation for an attorney for a chapter 7 trustee is whether the request includes charges for services that are not legal services but which should have been performed by the trustee pursuant to the duties prescribed by Bankruptcy Code § 704.[2] *See United States*

---

1. The 12 factors to be considered on the reasonableness of an attorney's fee include:
    1) the time and labor expended;
    2) the novelty and difficulty of the question raised;
    3) the skill required to properly perform the services;
    4) the attorney's opportunity costs in pressing litigation;
    5) the customary fee for like work;
    6) the attorney's expectations at the outset;
    7) the time limitations imposed by client or circumstances;
    8) the amount in controversy and results obtained;
    9) the experience, reputation and ability of the attorney;
    10) the undesirability of the case within the local legal community;
    11) the nature and length of the professional relationship between attorney and client; and
    12) attorney's fee awards in similar cases.
    *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir.1978), *cert.denied,* 439 U.S. 934,

99 S.Ct. 329, 58 L.Ed.2d 330 (1978). In *Great Sweats,* Judge Shelley stated that the Fourth Circuit approach uses a "hybrid of the lodestar and 12–factor tests." 113 B.R. at 241.

2. § 704. Duties of trustee
    The trustee shall—
    (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;
    (2) be accountable for all property received;
    (3) ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this title;
    (4) investigate the financial affairs of the debtor;
    (5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;
    (6) if advisable, oppose the discharge of the debtor;

*Trustee v. Porter, Wright, Morris & Arthur (In re J.W. Knapp Co.)*, 930 F.2d 386, 387–388 (4th Cir.1991); 3 Collier On Bankruptcy ¶¶ 328.04, 330.03[2][b][i] (Alan N. Resnick and Henry J. Sommers, eds., 15th ed.2003). This is essentially the issue raised by debtor's objection to Lake & Lake's application.

Judge St. John of this district extensively considered this issue in an unreported opinion. *See In re Finney*, 1997 WL 33475580, 1997 Bankr.LEXIS 476 (Bankr. E.D.Va.1997). In summary, Judge St. John noted that it is often difficult to differentiate the roles of trustee and attorney, that the burden is on the attorney to justify the compensation sought by demonstrating that the services are not duties required to be performed by the trustee, and that the attorney's services must be clearly defined and apparent in the attorney's time records. The concern of overlapping services of attorney and trustee was also addressed by the Fourth Circuit in *In re J.W. Knapp Co.*, 930 F.2d at 387–388.

■ In the instant chapter 7 asset case, the debtor held a beneficial interest in a family trust that was included in the bankruptcy estate. The trust interest was the principal reason the trustee required legal counsel. The administration was complicated by debtor's opposition to the trustee's efforts to liquidate her trust interest, her claim of improper exemptions, and her failure to cooperate with the trustee. The failure of cooperation led to the court's denial of debtor's discharge in bankruptcy pursuant to Code § 727(c)(1) (in AP 99–

3175 by order entered March 17, 2000). The court's order denying discharge was entered by default because debtor failed to file an answer. However, it is significant that the trustee's complaint alleged debtor 1)refused to turn over records of her property and financial affairs to the trustee (§ 727(a)(4)(D)); 2)failed to attend an adjourned § 341 meeting and make herself available for examination by the trustee or creditors (§ 727(a)(6)(C)); 3)removed assets of the estate with intent to hinder, delay or defraud her creditors (§ 727(a)(2)(B)); and 4)knowingly and fraudulently made a false oath in the case (§ 727(a)(4)(A)).

A review of the trustee's § 727 complaint, filed by Lake & Lake, and the court's opinions and orders issued in this case as previously set out reveals that many legal issues have been raised since Lake & Lake's appointment as counsel to the trustee on July 6, 1999. Undoubtedly, the trustee required legal representation in dealing with these and other matters. This included opposition to debtor's several appeals of the court's rulings.

Lake & Lake's compensation application contains, as is required, an itemized schedule of services rendered with the amount of time spent on each entry; the specific nature of each service is further broken down into various categories. The court considers the application a model of clarity, particularly in light of the variety of work performed over a period of almost two years. A close review of the application makes it clear that most of the

---

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

. . . . .

(9) make a final report and file a final account of the administration of the estate

with the court and with the United States trustee.

11 U.S.C. § 704.

charges relate to matters for which the trustee required legal representation.

The court notes, however, that in several charges categorized as "case administration," there may be overlap between trustee administrative duties and legal representation. This is not unusual where a counsel's representation requires it to perform so many varied services, and the potentially overlapping amounts here are not substantial. Moreover, the court finds it unnecessary to sort out and attempt to limit each and every minute charged for trustee duties.

■ In the *J.W. Knapp Co.* case, the court of appeals, while holding that "courts may not compensate an attorney for services statutorily required by the trustee," recognized that there may be "unique difficulties" that would justify some overlapping of a trustee's duties with that of the attorney to the extent that "legal expertise" is required. 930 F.2d at 388. I find here that any overlap is nominal and justified by the circumstances of the case. Most importantly, Lake & Lake voluntarily reduced its total charges by $2,000.00, and this reduction is sufficient to cover any overlap between trustee's duties and attorney representation.

The court further finds that the total compensation requested is reasonable under the compensation guidelines set out above. Considering the 12 factors for evaluating the reasonableness of fees as set out in *Great Sweats,* 113 B.R. at 241–242, the court finds that the following are relevant here and demonstrate the reasonableness of Lake & Lake's charges: time and labor expended, difficulty of the issues raised, skill required, customary fee for similar services, the attorney's expectations, results obtained, the ability of the attorney, and attorney fee awards in similar cases.

Accordingly, the court will approve the fee request in the amount of $21,826.70.

■ Lake & Lake also seeks reimbursement for out-of-pocket expenses in the amount of $861.48. With one exception, this request will also be approved. The court must deny reimbursement of an item in the amount of $225.00 described as "legal fee for consult w/ estate & trust expert." The court considers that the services of an estate and trust expert would have required advance approval of a professional person pursuant to Code § 330 along with a fee application requesting the compensation. In reviewing the case file, the court has been unable to find these requirements are met. Therefore, while the court does not doubt the funds were expended, they are not subject to reimbursement.

A separate order will be entered allowing the compensation and expenses approved by this opinion.